UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-80590-ROSENBERG

RICHARD LONG,

    Plaintiff,

v.

RESIDENTIAL CREDIT
SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss [DE 10]. Plaintiff filed a Response to the Motion [DE 11] and Defendant filed a Reply [DE 12]. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted and Plaintiff's Complaint is dismissed without prejudice.

Plaintiff's Complaint contains four counts. Each count is premised on the Real Estate Settlement Procedures Act ("RESPA"). Each count is derived from Defendant's alleged failure to respond to a loss mitigation application. Each count therefore arises from the same set of facts.

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

1

A plaintiff states a cause of action under RESPA if the plaintiff alleges that he or she sent a "qualified written request" to a mortgage servicer and the mortgage servicer failed to take proper action in response to the request as specified under the Act.  *See* 12 U.S.C. § 2605(e).  Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff has failed to allege damages.  A RESPA claim requires damages.  *See Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010).  Defendant's argument has merit.  Plaintiff fails to allege actual damages with any specificity, and costs incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation.  *See Steele v. Quantum Serv. Corp.*, 12-CV-2897, 2013 WL 3196544 (N.D. Tex. June 25, 2013).  To hold otherwise would mean that every RESPA claim has damages built-in to the claim.  *See Lal v. Am. Home Serv., Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).  Courts have so held because the wording of the relevant RESPA regulation only provides for "actual damages to the borrower **as a result of** the failure" to comply with RESPA.  12 U.S.C. § 2605(f)(1)(A) (emphasis added).

To the extent Plaintiff's allegations could be construed to mean that Plaintiff intends to prove unspecified actual damages at trial, this too is deficient.  Even construing all inferences in favor of Plaintiff, it would appear that any damages Plaintiff has incurred are fairly traceable to (i) Plaintiff's default on his mortgage, (ii) the foreclosure of Plaintiff's home, or (iii) the sale of Plaintiff's home at auction, particularly in light of the fact that Plaintiff does not allege that Defendant would have been required to grant Plaintiff's loss mitigation application.  Plaintiff must plead a plausible causal connection between Defendant's alleged RESPA violation and his actual damages.  *See, e.g.*, *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1145 (D. Colo. 2013); *Kapsis v. Am. Home Mortg. Serv. Inc.*, 923 F. Supp. 2d 430, 445 (E.D.N.Y. 2013).

As a final matter, although Plaintiff has alleged statutory damages by alleging, in a conclusory fashion, that Defendant's actions were part of a regular pattern or practice, this too is deficient. Notwithstanding Plaintiff's attempt to bring four separate counts, there is in actuality only one alleged RESPA violation in this case.  This is insufficient.  *See McLean v. GMAC Mortg. Co.,* 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (finding that two RESPA violations was insufficient to support a pattern or practice); *Ploog v. HomeSide Lending, Inc.,* 209 F. Supp. 2d 863, 868 (N.D. Ill. 2002) (failure to respond to qualified written requests on five occasions was sufficient to establish a pattern or practice); *In re Holland,* No. 04–18099–JNF, 2008 WL 4809493, *11 (Bankr. D. Mass. Oct. 30, 2008) (finding no pattern or practice where plaintiff offered no documents or testimony to establish that the loan servicer had a standard or institutionalized practice of RESPA violations).  The Court therefore grants Defendant's Motion to Dismiss on the issue of damages and Plaintiff's Complaint is dismissed without prejudice for Plaintiff to have the opportunity to re-plead his case as more fully specified above.

## I.     CONCLUSIONS AND RULING

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 10] is **GRANTED**, that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, that Plaintiff has seven (7) days from the date of this Order to file an amended complaint, and that Defendant shall answer any amended complaint within ten (10) days of the date it is served a copy of the amended complaint.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of August, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record